**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| *In re Edward Charles Chung, Esq.,* Admitted to the Bar of the Ninth Circuit: August 1, 2018,<br><br>Respondent. | No: 23-80073<br><br>RESPONDENT'S MOTION AND DECLARATION FOR EXTENSION OF TIME TO RESPOND TO AUGUST 18, 2023, COURT ORDER TO SHOW CAUSE AND FRAP 46 (C) REQUEST FOR HEARING |

**Before:** Schroeder, Berzon and Owens, Circuit Judges

### I.  IDENTITY AND RELIEF REQUESTED FROM MOVING PARTY

**COMES NOW**, Respondent attorney, Edward C. Chung and hereby respectfully motions Ninth Circuit Court Judges Schroeder, Berzon and Owens for a 30-day extension of time to respond to the judicial panel' August 18, 2023, Order to Show Cause. Pursuant to Ninth Circuit Court Rule 46-2 (d), Respondent is entitled to legal counsel concerning this disciplinary matter and has accordingly filed a claim with his insurance provider for the purposes of being assigned disciplinary counsel to represent Respondent in this matter.

1

Without waiving any jurisdictional objections to the pending proceedings or 28 USC 455 grounds for judicial disqualification, Respondent hereby gives FRAP 46 (c) Request for Hearing.

## II. FACTUAL GROUNDS FOR MOTION

On August 17, 2023, the Ninth Circuit Court of Appeals commenced disciplinary proceedings against undersigned counsel, Edward C. Chung under Ninth Circuit Court of Appeals Docket Number: 23-80073 [ECF #1][1]. On August 18, 2023, Ninth Circuit Court Judges Schroeder, Berzon and Owens issued a FRAP 46 (b) 2 Order [ECF #2] which stated, in part, the following:

> In an order dated June 26, 2023, this court found that attorney Edward Charles Chung ("Chung") had fabricated a news article and "filed it with the intent to mislead the court,' and that in so doing Chung 'perpetuated a fraud upon the court." *Al-Qarqani v. Chevron Corp.*, No. 19-17074, Ord. at 2, (9th Cir. June 26, 2023). Chung also violated an order of this court when he refused to appear for the August 26, 2022 hearing before the court's Special Master charged with investigating the news article.
>
> Chung is directed to show cause in writing why he should not be sanctioned, suspended, or disbarred from practice before this court for violating rules of professional conduct and for conduct unbecoming a member of this court's bar. *See* Fed. R. App. P. 46(b)(l)(B), (c); 9th Cir. R. 46-2(a), (d), (i); Circuit Advisory Note to 9th Cir. R. 46-2; 9th Cir. Gen. Ord. 12.9(a); *see also Chambers v. Nasco, Inc.*, 501

---

[1] The original appellate proceeding that is the basis of the alleged disciplinary misconduct for the above captioned disciplinary proceedings herein is docketed under Ninth Circuit Court of Appeals Docket Number: 19-17074.

U.S. 32, 45-50 (1991). The response is due within 28 days of this order.

Since the date of this August 18, 2023 Show Cause Court Order, Respondent has exercised due diligence and filed a claim with his law firm's insurance provider for the purposes of assessing coverage for the assignment of disciplinary counsel to represent Respondent in these proceedings in accord with Ninth Circuit Court Rule 46-2 (d). In consideration of the seriousness of the allegations made and the prospective severity of disciplinary sanctions, good cause exists for allowing Respondent additional time to be assigned disciplinary counsel from his firm insurance provider or to potentially retain private legal counsel to represent Respondent in this matter.

### III. LEGAL GROUNDS FOR MOTION

FRAP 31-2.2 (b) provides for an extension of time to be granted upon written motion supported by a showing of diligence and substantial need. Here, disciplinary proceedings have been commenced on August 17, 2023 [ECF #1] and undersigned counsel receive notice of these disciplinary proceedings on August 18, 2023 [ECF# 2]. Ninth Circuit Court Rule 46-2 (d) allows an attorney alleged to engaged in disciplinary misconduct the right to have legal counsel represent his interest. Undersigned counsel is now hereby awaiting a determination of coverage from the firm insurance provider or in the alternative may need time to find private legal

counsel to represent Respondent. The current date for the Response to the August 18, 2023, Order to Show Cause is **September 15, 2023**.

## IV. DECLARATION OF COUNSEL IN SUPPORT OF MOTION

I, Edward C. Chung, Respondent in the above captioned disciplinary matter before the Nonth Circuit Court of Appeals of the United States, declare as follows:

> In consideration of the severity of the August 18, 2023 allegations and prospective disciplinary sanctions that may be imposed against me in relation to alleged misconduct under Ninth Circuit Court of Appeals Docket Number: 23-80073, I have filed a claim with my firm's insurance provider for the purposes of being assigned disciplinary counsel. Whether counsel is or is not assigned, I will also need additional time to potentially retain private legal counsel.
>
> Based on the foregoing, I believe good cause exists for Ninth Circuit Court Judges Schoeder, Berzon and Owens to allow a 30 day extension of time.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that I signed this declaration on this 5th day of September, 2023.

/s/ Edward Chung
Edward C. Chung, WSBA# 34292
Counsel *Pro Se*

## IV. <u>CONCLUSION</u>

In consideration of the foregoing, Respondent respectfully asks that this Court grant Respondent's Motion for an Extension of Time to Respond to the August 18, 2023 Order to Show Cause. Respondent without waiving any jurisdictional objections to the pending proceedings or 28 USC 455 grounds for judicial disqualification, hereby invokes his FRAP 46 (c) right for hearing following Ninth Circuit Court Judges Schroeder, Berzon and Owens' consideration of Respondent's Response to the August 18, 2023 Order to Show Cause.

*Respectfully submitted this 5th day of September, 2023*

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999
*Counsel Pro Se*

## V.    CERTIFICATE OF COMPLIANCE

In accordance with FRAP 27-1 (d) 1 and (2) the foregoing motion does not exceed 5,200 words and complies with Ninth Circuit Court formatting requirements.

Date this 5th day of September 2023,

                /s/ Edward C. Chung
                Edward C. Chung, WSBA# 34292
                Counsel *Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*Dated this 5th day of September 2023*

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999
*Counsel Pro Se*