# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| *In re Edward Charles Chung, Esq.,* Admitted to the Bar of the Ninth Circuit: August 1, 2018,<br><br><br>Respondent. | No: 23-80073<br><br>ATTORNEY EDWARD C. CHUNG'S RESPONSE TO AUGUST 18, 2023, ORDER TO SHOW CAUSE [DCK# 2] WITH LEAVE TO AMEND THE RESPONSE UPON RETAINING LEGAL COUNSEL |

**Before:** Schroeder, Berzon and Owens, Circuit Judges

## I.     INTRODUCTION

**COMES NOW**, Respondent Edward C. Chung, a Washington State Attorney (WSBA#34292) and Officer of the U.S. Circuit Court of Appeals for the Ninth Circuit. Attorney Chung, in compliance with this this Court's August 18, 2023, Order to Show Cause [ Dck#2], respectfully submits this Response with Leave to Amend Upon Retaining Legal Counsel[1].  Per the August 18, 2023 Order to Show

_____

On September 11, 2023 the Ninth Circuit Clerk granted Attorney Chung a thirty (30) day extension to file a Response to the Order to Show based on Attorney Chung's filing of claim with his insurance for legal coverage [Dck# 4]. On October 13, 2023, Attorney Chung filed a second extension to file a Response to the Order to Show  as coverage for legal representation was approved; however, the policy does not assign counsel and requires the insured to choose counsel. Accordingly, Attorney Chung has requested additional time file this Response to the Order to Show Cause to allow Attorney Counsel to find an attorney admitted in the Ninth Circuit, familiar with appellate disciplinary proceedings and has availability to represent undersigned counsel. To date, the Court has not ruled on Attorney Chung's second motion for extension of time [Dck# 3]. To assure compliance, Attorney Chung files this Response asking leave to amend.

1

Cause, Attorney Chung includes with this Response his request for a hearing pursuant to Ninth Circuit Court Rule 46-2(d)[2]. Based on the factual and legal grounds stated herein, Attorney Chung respectfully asks that the Honorable Ninth Circuit Court Judges Mary M. Schroeder, Marsha S. Berzon and John B. Owens find that Attorney Chung did not engage in any conduct warranting that he be sanctioned, suspended, or disbarred from practice before this Court for violating rules of professional conduct and/or for conduct unbecoming a member of this Court's bar. The basis for not commencing formal disciplinary proceeding is predicated on the following:

## II.    ATTORNEY RESPONSE TO ORDER TO SHOW CAUSE

At the outset, undersigned counsel wishes to convey to this Court that he considers it both a privilege and an honor to be an Officer of the Ninth Circuit Court of Appeal. In consideration there has been no disciplinary findings of misconduct against undersigned counsel by the Washington State Bar since his admission to practice law nearly twenty (20) years ago, he both realizes and appreciates the seriousness of the allegations contained in Special Master A. Wallace Tashima's October 28, 2022 Report and Recommendation [Dck# 124] docketed under

---

[2] On September 5, 2023, Attorney Chung requested a Ninth Circuit Court Rule 46-2 (d) [Dck# 3] Hearing but does so again to the extent that it need be included in the Attorney Chung' Response to the Order to Show Cause.

19-17074, as well as the significance of the June 26, 2023 court order [Dck#130] adopting Special Master's Tashima's findings.

While undersigned counsel has profound respect for the Article III judges that serve on the Ninth Circuit and appreciates the purpose and function of this panel in regulating and assuring highest standards of conduct of those privileged to be admitted into the Ninth Circuit, please understand that any dissent to the findings of the Special Master's Report or opposition to the conduct of the judicial officers that have presided over these proceeding to date was, in good faith, predicated on my obligations as an officer of this Court, as well as my ethical obligations governing my own legal conduct when confronted with judicial and legal misconduct that has occurred in these proceeding.

In assessing my conduct both now and in prior proceedings that have taken place in this Circuit and the U.S. district court, I respectfully ask that the rule of law govern, that I be provided an impartial panel to assess my conduct and that any dissent delineated herein not be stifled in retaliation for calling into question the legal conduct of my adversaries, Gibson Dunn & Crutcher, LLP, Judge Eric D. Miller and Special Master A. Wallace Tashima. As President Henry S. Truman once stated,

> "Once a government is committed to the principle of silencing the voice of opposition, it has only one way to go, and that is down the path of increasingly repressive measures, until it becomes a source of terror to all its citizens and creates a country where everyone lives in fear."

In consideration of the foregoing, as a judicial officer presiding over this matter, I respectfully asks that pursuant to Canon 2 (b) of the Code of Conduct for United States Judges, that you disqualify yourself in accord with 28 U.S.C. §455 **if** a relationship with the judicial panel or opposing counsel may influence your decision in these pending proceedings. I am confident that by having a impartial tribunal that is governed by rule of law, as opposed to rule law that you will find that my conduct was not governed merely on my own subjective principles and beliefs, but rather on laws regulating the conduct of lawyers, judges and the rules of procedures for U.S. district and appellate courts.

Based on my review of the Order to Show Cause, there ***appears*** to be two allegations for sanctioning, suspending, or disbarring me from practice before this Circuit. The first is premised upon that if there is a finding that undersigned counsel violated the Rules of Professional Conduct then there would be cause to impose disciplinary repercussions. The second is that if this panel makes a finding that my submission of a Fed. R. App. P. 27-1 motion seeking "**permission to file**" a demonstrative exhibit was done with "intent to mislead the court,' and if so doing I "perpetuated a fraud upon the court", then such conduct would arise to conduct unbecoming a member of this Court's bar". Thirdly, the Order to Show Cause also considers whether undersigned counsel's failure to appear at the August 26, 2022 Special Master Fed. Rul. Civ. Proc. 53 hearing either violated the Rules of

Professional Conduct or amounted to conduct unbecoming a member of this Court's bar.

To perform such analysis, the starting point begins with what due process standard applies to both the underlying proceedings and the proceeding that are the basis for the present Order to Show Cause Hearing. In the case at bar, respectfully the August 18, 2023 Order to Show Cause does not identify which Rule of Professional Conduct that would be the basis for commencing disciplinary proceedings. To the extent that it is presumed to RPC 3.3, it does not indicate which subsection of RPC 3.3, whether it is Washington State Rule of Professional Conduct or the ABA Rule of Professional Conduct. More importantly however, to the extent that the Rule of Professional Conduct 3.3 is the alleged rule to have been violated, it is important to note that prior to issuing an Order to Show Cause, the judicial panel ruled that undersigned counsels Fed. R. App. P. 27-1 motion seeking leave to file a demonstrative exhibit to supplement a motion was "**moot**" and the August 12, 2023 Order to Show Cause provided that the documents were "unnecessary to rely on". If this is the case, then there can definitively be no Rule of Professional Conduct 3.3 violation because such motion only relates to "material" evidence. Here they made findings and ruled it was not material to the proceedings.

That aside, as I have addressed repeatedly, and Special Master Tashima tellingly does not even conduct any analysis or citation to Fed. R. App. P. 27-1; a rule of appellate procedure that allows **any** lawyer admitted into the Ninth Circuit to

file "**any paper**" to a motion. Respectfully his statement that I, "asked this court to rely on the fraudulent publication to support his clients' claim" is verifiably untrue as is the conclusory finding that a motion requesting **permission** to file a supplemental exhibit is a perpetration of fraud upon this Court. The act of fraud requires *__specific intent__* to defraud the Court. Here it is impossible to make such a finding because: (1) I never represented the exhibit as "publication" wherein I asked the court to rely upon the document; (2) I expressly provided that it was strictly to be considered for demonstrative purposes; (3) the motion made was a motion for leave, not an FRE 201 motion asking the judges to take judicial notice of the document as an authenticated document.

Aside from the foregoing, the June 26, 2023, Court Order by the judicial panel referred this matter to Washington State Bar Associations Office of Disciplinary Counsel to assess and violations of the Washington State Rules of Professional Conduct. That being said, it would appear that any determination of alleged violations of Washington State Rules of Professional Conduct would not be judicially ripe for consideration in these proceedings if to date there has been no imposition from misconduct by the Washington State Bar as this Court has previously refused to interfering state disciplinary proceeding under the *Rooker-Feldman doctrine*. If so, then the basis for the pending disciplinary proceedings would be limited to whether undersigned counsel's conduct arose to conduct unbecoming an officer this Court. If so, I explain below while Special Master

Tashima's findings should have no collateral effect and to the contrary, as matter of law be found to be *void ab initio*.

As this panel is aware, one of the very first concepts taught in law school is the doctrine of *stare decisis*. This doctrine comes from the Latin phrase *stare decisis et non quieta movere*, meaning to adhere to precedent and not unsettle what is established. *See*, *In re Osborne* 76 F.3d 306, 309 (9th Cir. 1996). Applying the doctrine of *stare decisis* to the case at bar*,* as a matter of law, undersigned counsel is protected from the arbitrary imposition of appellate sanctions invoked by circuit court judges Eric D. Miller[3] and Atasushi Wallace Tashima[4] because to date, there

---

[3] Circuit Judge Eric D. Miller refused to disqualify himself after his former client, Chevron, admitted friend, attorney Thomas Hungar and prior co-counsel, Gibson, Dunn & Crutcher, LLP verifiably falsified documents to advance their clients interest on appeal and to support a false narrative. He instead sought to sanction undersigned counsel to advance his former client and friend's legal interest and conceal judicial and legal misconduct.

[4] A. Wallace Tashima is a Ninth Circuit Court Judge appointed by Judge Miller to investigate the "legitimacy" of a demonstrative exhibit Attorney Chung asked **permission** to file. At a pre-hearing conference, he was audio and video recorded on Zoom, not knowing he was being recorded, asking what sanctions Chevron wanted to impose on Attorney Chung. By appellate mandate, Chevron was no longer a party to the proceedings after the court terminated its jurisdiction nevertheless, he appointed Chevron's counsel to represent the court in imposing sanctions. He has to date refused to make public the audio and video recording exposing his judicial misconduct, ruling it is not relevant.

has been no proceeding that has been conducted that provides the same procedural due process protections to undersigned counsel as guaranteed in criminal cases[5].

The black letter law is very clear. ***When a federal court invokes its "inherent authority" as a sanction to "vindicate the court's authority and the integrity of the judicial process" such sanctions as a matter of law are "punitive", not "compensatory".*** *See*, *Red Carpet Studios Div. of Source Advantage v. Sater,* 465 F.3d 642, 647 (6th Cir. 2006). It is therefore peculiar, that in making a recommendation for sanctions, Special Master Tashima cites *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178 (2017) and Chevron cites *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021). Both these case evidence how sanctions imposed were not compensatory, but as a matter of law punitive.

As such, undersigned counsel was entitled to the same procedural due process protections guaranteed in criminal cases. Why? Because aside from inherent authority being construed by U.S courts as a "**punitive sanction**", the imposition of disciplinary sanctions amounting to suspension or disbarment, combined with a *sua sponte* monetary sanction of a quarter of a million dollars **($268,283.85)** for Chevron merely filing a nine (9) page response to an appellate motion to attach a illustrative

_____

[5] Because U.S. courts are statutory tribunals that cannot conduct trials or convey a jury, this is precisely why the imposition of appellate sanctions is limited to Fed. R. App. P. 38 sanctions for frivolous appeals, nothing else.

exhibit, clearly evidences that Special Master Tashima's recommendation and report was inherently punitive. In fact, he was never assigned by the panel to assess any alleged fraud or to recommend disciplinary sanctions. To the contrary his role was limited to finding the "legitimacy of the article" which he actually stated in the pre-hearing conference he did not know what that meant and he expressly stated what he was conducting as a Special Master was not disciplinary. Unbeknownst to undersigned counsel and contrary to what he represented; he made disciplinary findings and made a conclusory finding of fraud without ever advising undersigned counsel fraud was a component of his role as a Special Master. His findings, if he was impartial, were to assess whether under Fed. R. App. P. 27-1, the demonstrative exhibit amounted to a legitimate paper qualified by undersigned counsel as being strictly demonstrative. He conducts no analysis of the rule that gave legitimacy to the filing seeking permission to file. Again, there was no reckless filing or representation of the document as a publication for the panel to rely upon.

Since the application of the law to this case bars the arbitrary use of "**punitive sanctions**" as retaliatory measures for exposing judicial misconduct and the *doctrine of stare decisis* affords undersigned counsel the same constitutional due process protections for sanctions hearings as a criminal proceeding, the next step in the analysis is whether the Judge. Miller and Tashima violated undersigned counsel's constitutional rights; the appellate record clearly shows that they did.

Per the legal authority, when sanctions are punitive as they are here, the alleged contemnor, "***must be afforded the full protection of a criminal jury trial***," ***including the right to be advised of the charges, the right to a <u>disinterested</u> prosecutor, the right to assistance of counsel, a presumption of innocence***, ***proof beyond a reasonable doubt***, ***the privilege against self-incrimination, the right to cross-examine witnesses, the opportunity to present a defense and call witnesses, and the right to a jury trial if the fine or sentence imposed will be serious***. *Id* . at 1138–39; *see also Lu* , 921 F.3d at 860 [**stating that "*non-compensatory sanctions' may be "akin to criminal contempt and may be imposed only by following the procedures applicable to criminal cases, including appointment of an independent prosecutor, proof beyond a reasonable doubt and a jury trial*** (*quoting*, *Miller v. City of Los Angeles* , 661 F.3d 1024, 1030 (9th Cir. 2011).

As has been shown throughout the underlying proceedings, counsel exposed judicial, civil, criminal and ethical misconduct by judges, lawyers and oil cartels wherein in adhering to his ethical duties under Rule of Professional Conduct 8.3 (b), he has now become a target of monetary and ethical sanctions to the very tribunal he sought to protect. Fortunately, the law is both a sword and a shield and the appellate record places a spotlight on judicial malfeasance by evidencing that undersigned counsel was never afforded any jury trial, a disinterested prosecutor, proof beyond a reasonable doubt, a presumption of innocence, the right to cross-examine witnesses, the opportunity to present a defense and call witnesses.

Instead, undersigned counsel was assigned to a single factfinder that a *Zoom* audio and video recording evidence was scheming with Chevron and their counsels *ex parte* to impose sanctions and discredit undersigned counsel after the circuit court had terminated its jurisdiction and before any hearing on the merits of these sanctions took place. ***Respectfully, there can be no fair disciplinary hearing at any stage of these proceedings or the underlying proceedings if this Court deprives undersigned counsel the public record and video that vindicates him from any misconduct.***

That aside, nowhere is there any notice of what rule or statute undersigned counsel violated by filing Fed. R. App. P. 27-1 motion seeking judicial permission to supplement a motion with an exhibit. Nowhere in Special Master Tashima's Report does he even reference Fed. R. App. P. 27-1, the very rule that allows any lawyer admitted into the Ninth Circuit to attach "**any paper**" to a Fed. R. App. P. 27-1 motion. The prosecutor chosen was Gibson Dunn, the party seeking to recover **procedurally barred money sanctions** and who Attorney Chung reported was engaged in witness tampering, falsifying evidence and *ex parte* communications with the Special Master and whose lead counsel was an admitted friend of Judge Miller; this is not a disinterested prosecutor.

There was no presumption of innocence applied or advised of. To the contrary Judge Miller who issued the Show Cause Order alleged Attorney Chung "filed" a document as a "publication" and now there is a finding that I perpetrated a fraud

upon the court. It should be noted it is a violation of the judicial code of conduct, for a judge to go outside the record in search of this article that was never represented by Attorney Chung as "publication" nor even filed; Attorney Chung asked **permission** to file it as a "supplemental exhibit". Judge Miller who already ruled the document as being "***moot***" and "***unnecessary***", alleged that Attorney Chung possibly violated RPC 3.3; however, this rule could not have been violated as it would have required the document to be "***material***".

After audio and video revealed *ex parte* communication with Chevron and judges concerning imposition of sanctions, and judge Tashima refused to produce it, Attorney Chung was thereafter accused of "perpetrating a fraud upon the court" a charge he was never advised was the subject of these proceedings. So no, Attorney Chung was never advised of the charge he was alleged to have committed. After having knowledge of judicial and legal misconduct, and possible criminal wrongdoing, pursuant to his ethical obligations as a lawyer, Attorney Chung wrote a letter to the Judge Miller and Tashima invoking Washington State Rule of Professional Conduct 8.4 wherein it is professional misconduct for a lawyer to, "***knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law***". A copy of this letter is attached hereto as **Exhibit 2** and incorporated herein by reference. Thereafter, judge Tashima struck all my witnesses and exhibits, none which were we were able to present at

trial. So no, Attorney was not afforded the right to cross-examine witnesses, the opportunity to present a defense or call witnesses.

This letter was filed **_before_** the August 26, 2023 Court hearing wherein undersigned counsel gave legal and ethical authority not to appear at the hearing. **_Moreover, it is important to point out what specific court order is undersigned counsel is alleged to have violated? There was no subpoena to attend and why were all the witnesses that undersigned counsel asked to appear not found to willfully violate a court order to appear? If this was hearing to alleged undersigned counsel's conduct and no witnesses showed up and Judge Tashima struck all undersigned counsel s witnesses and exhibits, what reasonable person can find due process?_**

Despite undersigned counsel being present, judge Tashima proceeded to have a one-on-one proceeding with Gibson Dunn. He ruled on motions and admitted Gibson Dunn's self-serving evidence into a closed appellate record. Thereafter, he issued a decision maintaining that Attorney Chung perpetrated a fraud upon the Court; a charge significantly beyond the scope of his assignment. He did not cite nor perform any analysis of Fed. Rul. Civ. Proc. 27-1 nor did he apply a beyond a reasonable doubt standard. So not, Attorney Chung the reasonable doubt standard nor any standard justifying such artifice findings was applied.

Prior to these proceedings, Attorney Chung was never at any point issued a "warning" prior to being sanctioned. In our U.S. judicial system, the types of

"egregious conduct" necessitating sanctions involve flagrant, **repeated** violations of court directives far beyond the misunderstanding at issue here. *See*, *Haji v. NCR Corp.*, 834 F. App'x 562, 564 (11th Cir. 2020) [**"willful and flagrant disobedience" by failure on "numerous occasions" to comply with discovery orders**]; *See*, *Wimbush v. Georgia*, 673 F. App'x 965, 967 (11th Cir. 2016) [**"disobedience" was "willful" where plaintiff ignored repeated orders to refile an amended complaint and was "specifically told failure to comply could result in dismissal"**]; *Martin*, 307 F.3d at 1336 & n.2 [***continual and flagrant abuse of the judicial process," including "misleading the court about the real party in interest," "extensive discovery abuse," and using forged signatures and extortive letters***]; *Mitchel v. VegasSportsConsultants.com*, 2019 WL 3426038, at *3 (S.D. Fla. May 23, 2019) [**"Repeated failures to comply with discovery orders, without any explanation, demonstrates a willful disregard to comply."**]. Here, undersigned counsel was never warned or informed how filing a Fed. R. App. P. 27-1 motion for judicial leave to attach an exhibit would result in the imposition of sanctions exceeding over a quarter of a million dollars (**$268,283.85**) and the commencement of disciplinary proceedings to suspend or disbar him from the practice of law. In fact Fed Rul Ap. Proc. 47 (b) states, in part, the following:

> No sanction or other disadvantage **may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local circuit rules unless** the alleged violator has been furnished in the

> particular case with <u>actual notice</u> of the
> requirement.

Aside from the foregoing, judge Tashima denied undersigned counsel's access to a ***public record*** that exposed Judge Tashima's *ex parte* communications and judicial misconduct with Chevron. Absent any source or legal authority, judge Tashima arbitrarily invoked U.S. District Court Fed. Rul. Civ. Proc. 53[6], contrary to Fed. Rul. Civ. Proc. 1 that expressly ***limits*** the applicability of the United States Rules of Civil Procedure to U.S. district courts; he is a U.S. Circuit Court judge. Judge Tashima struck all of Attorney Chung's evidence and all his witnesses wherein undersigned counsel was not even entitled to cross examine or put forth a defense. Under *Goodyear*, undersigned counsel is afforded the same rights in a criminal proceeding. Judge Tashima violated undersigned counsel's **Sixth Amendment Confrontation Clause** rights where attorney Chung is afforded the right to cross examine judge Miller, Tashima, as well as Chevron and their legal counsels. None of this happened. Why? Because circuit courts are statutory tribunals that cannot conduct trials or convey a jury. This is precisely why the imposition of

---

[6] Although there is no federal rule or statute allowing Circuit Court Judges to cherry-pick district court rules if and when they want, to the extent Fed. Rul. Civ. Proc 53 applies, it still mandates undersigned counsel is entitled to a fair and impartial Special Master. How can he be impartial if he has stated on the record what sanctions does Chevron want me to impose before a hearing ever takes place?

appellate sanctions is limited to Fed. R. App. P. 38 sanctions for frivolous appeals, nothing else.

While Chevron's argued that Attorney Chung requested a hearing and purportedly failed to appear without good cause, this is definitively wrong for the following three reasons:

***First***, because Fed Rul. Proc. 46 (c) right to a hearing is a right to a disciplinary hearing, Judge Tashima expressly stated the post-mandate hearing he was conducting was ***__not__*** a disciplinary proceeding.

***Second***, Judge Tashima, not knowing he was being audio and video recorded on *Zoom*, asked what sanctions Chevron wanted imposed upon Attorney Chung, evidencing *ex parte* contact and a prejudged determination. He then concealed this public record without court order or authority, maintaining it was not relevant to the proceedings and denied Attorney Chung's motion to disqualify Judge Tashima on the basis no evidence existed. Can you see the circular reasoning here? Pursuant to U.S. Supreme Court authority, *Withrow v. Larkin*, 421 U.S. 35 (1975), ***"a fair tribunal is a basic requirement of due process";*** Judge Tashima obviously was not a fair and impartial fact finder for sanctions in consideration of ***ex parte*** communications evidencing a pre-determination of sanctions and concealment of evidence Clearly, these factors evidence that any decision-making would undermine any assurance of a fair and impartial proceeding.

***Third***, knowing there was judicial misconduct and proceedings taking place that were unlawful, Attorney Chung had an ethical duty under Rule of Professional Conduct 8.4 (f) not to further participate in these proceeding that involved judicial misconduct conduct or that was a violation of other law. More specifically, Washington Rule of Professional Conduct 8.4 goes on to state:

> ***A lawyer may <u>refuse to comply with an obligation imposed by law</u>*** *upon **<u>a good faith belief</u>** that **<u>no valid obligation exists</u>***. *See*, RPC 8.4, Commentary 6; *emphasis added.*

Undersigned counsel, as well as another attorney in our firm witnessed circuit judge Tashima in a *Zoom* audio and video recording exposing his bias which evidence that these hearings that were taking place after the circuit court had already terminated jurisdiction. It is evidence to anyone and everyone that these retaliatory proceedings were a by-product of reporting judicial and legal misconduct and possible criminal violations wherein impartiality and fairness in Ninth Circuit appellate decisions may merely be an illusion. Undersigned counsel's intention and duty as an officer of the court is to place a spotlight on these judicial indiscretions and regain public confidence in our judiciary for the purposes of preserving our constitutional republic. Chevron, Gibson Dunn, circuit court judges Miller and Tashima present intent is to discredit Attorney Chung and remove him as an officer of the court for purposes of neutralizing his skill in jurisprudence, litigation and

appellate practice because this erudition and experience poses a threat to their positions.

None of the proceedings or legal arguments put forth by judge Miller, Tashima, nor Chevron taken to date may be reconciled with the rule of law. The sanctions sought are **punitive** because they do not correspond to any specific harm sustained by Chevon and not specifically related to a "filing". The compensation sought, as evidenced by their pending motion, is for work that was incurred ***after*** the appellate court issued its decision and terminated jurisdiction. The fact that sanctions recommended exceed the specific harm incurred is reflected Special Master Tashima's Report that the judicial panel adopted and which states,

> I recommend that Chung be sanctioned by being required to reimburse Appellees for the attorneys' fees and costs (or such portion thereof as the panel deems just and proper) ***incurred by Appellees in addressing Chung's filing*** of the Saudi Sun exhibit in Docket No. 66 ***and its*** ***aftermath.***

*See*, Dck# 124, Page 24; *emphasis added*.

The term "aftermath" denotes that Tashima and Miller are allowing sanctions to be imposed **further than** Chevron's filing of a response to Appellants' motion. More concerningly, in consideration that Chevron prevailed on appeal and Appellants' motion seeking judicial leave (permission) to file an illustrative exhibit was denied as "***moot***" and "***unnecessary***", it begs the question what specific harm

did Chevron incur? These questions are central to the issues before this court and must be answered before another law clerk writes a decision in favor of Chevron and before another judge rubber stamps a sanctions judgment in these proceedings without reexamining the law, due process and their own judicial oath to uphold the law and the Constitution of the United States. *Fiat justitia ruat caelum*!

The other concern with the underlying proceedings as a matter of law is that this Circuit terminated jurisdiction. Pursuant to the *Ninth Circuit Court's Practice Manual*, when an "mandate" is issued the Circuit court effectively "***relinquishes jurisdiction over the case***." As reflected from the appellate record, on August 12, 2021, the Ninth Circuit Court issued a decision expressly ordering there would be no remand back to the district court [Dck# 82]. The Ninth Circuit mandate terminating appellate jurisdiction was issued on November 29, 2022 [Dck# 82]. Both the decision rejecting the need to impose a remand and the court mandate terminating circuit court jurisdiction were sent to this U.S. district court. However this Court continued forward in seeking sanctions related to a "filing"; essentially a Rule 11 sanction. However, this defies U.S. Supreme Court ruling in *Cooter & Gell v. Hartmarx Corp,* which "clearly and unequivocally" states:

> On its face, ***Rule 11 does not apply to appellate proceedings***. Its provision allowing the court to include "***an order to pay to the other party or parties the amount of the reasonable expense, incurred because of the filing of the pleading, motion, or other paper***, including ***a reasonable attorney's***

> *fee*" must be interpreted ***in light of Federal Rule of Civil Procedure 1, which indicates that the rules only "govern the procedure in the United States district courts."***
>
> ***<u>Neither the language of Rule 11 nor the Advisory Committee Note suggests that the Rule could require payment for any activities outside the context of district court proceedings</u>***.

If we re-examine these post-mandate proceedings in conjunction with Chevron's proposition that district courts and circuit courts may hip-hop between district court rules of procedure and circuit court rules of procedure, then we must neglect the very **<u>first rule</u>** of federal procedure, Fed. Rul. Civ. Proc 1 that says, no! **District court rules and circuit court rules are not interchangeable**. Ergo circuit court judge Tashima's use of Fed. Rul. Civ. Proc 53 and judge Miller's attempt to create a second order of remand makes all the post mandate proceedings, I dare say, a "sham".

Following on what was stated above, if we look at the facts, the circuit court makes much to do about a "filing" of a motion that they posed as basis to sanction Attorney Chung for a purported "**<u>filing</u>**" by using its "inherent authority" pursuant to *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); however, Justice White explained how "inherent authority" was used by the district court to sanction a **party litigant**, **<u>not</u> a lawyer** which could have been done under Fed. Rul Civ. Proc. 11 or 28 U.S.C. §1927. In this case however, the circuit court is impermissibly using its inherent

authority to target a lawyer for a "**filing**". That said, if it looks like a duck, walks like a duck, quacks like a duck, you call it what it is; an attempt to use Fed. Rul. Civ. Proc 11 sanctions in an appellate forum. In consideration of the foregoing, a money sanctions award that was issued on June 26, 2023 "is a fool's gold and as a matter of law, a legal nullity that cannot be given any judicial deference.

If this court recognizes that a formal judicial proclamation was issued by the Ninth Circuit that terminated jurisdiction, it must also recognize that these post-mandate proceedings are nothing more than two individuals dressed up as judges, conducting what appear to be star chamber proceedings to conceal their own misconduct. If this panel is to disagree with this contention, it must propound the full audio and video Zoom recording of judge Tashima. Respectfully, I am entitled to this evidence to defend myself in these proceedings, state disciplinary proceedings, as well as possible civil claim against Judge Tashima and Eric D. Miller acting outside their judicial authority. My clients, deserve an appellate recall that this court should issue based on the insurmountable evidence of judicial misconduct.

In addition to the foregoing, Gibson Dunn attorneys should be subject to disciplinary proceedings for *ex parte* communication, infiltrating the courthouse with Gibson Dunn attorneys posed as law clerks, paying them money after they leave and then using their judicial influence to target lawyers who expose this misconduct;

a tactic they have used for years[7]. Somehow, there conducted is skated over and the concealed and revealing fact that Ninth Circuit Court Judge Eric Miller's law clerk, Matthew C. Reagan, who resides in San Francisco while Judge Miller's chambers are in the Nakamura courthouse in Seattle, Washington, was a associate for Gibson Dunn & Crutcher, LLP between **May 2015** to **July 2015**. He then clerked for the U.S. district Court between August to November 2015. After being admitted into the California Bar, Gibson Dunn attorney Matthew Reagan clerked for Ninth Circuit Judge Eric D. Miller while this appeal was pending, this was never disclosed. On **August 12, 2021**, Eric Miller, on behalf of the judicial panel, ruled against Petitioners. Days after the decision was written, Matthew Reagan stopped being a

---

[7] For example, Judge A. Wallace Tashima (whose law clerk also worked at Gibson Dunn after clerking in the Ninth Circuit) curiously served as a Special Master in sanctions proceedings against Thomas V. Girardi, Walter J. Lack; Paul A. Traina that denied recognition of a foreign judgment against Gibson Dunn's client and effectively suspended the attorneys' from practicing law within the Ninth Circuit. Harvard lawyer and human rights activist Steven Donziger who obtained a multibillion-dollar judgment against Chevron was disbarred and imprisoned for contempt without a jury and privately prosecuted per a *sua sponte* court order by U.S. federal judge Lewis A. Kaplan when the U.S. Attorney General in New York refused to prosecute attorney Donziger. Gibson Dunn, using falsified evidence, reported California attorney Jorge Dominguez to the California Bar for ethical misconduct. The bar complaint was later dismissed. Even the large DC law firm of Patten Boggs retreated when Gibson Dunn and Chevron alleged that Ecuadorian judgments were a purported sham. In a *Reuters* online post, Donziger alleged that Chevron relocated Judge Guerra's family to the U.S. amd paid him $38,000 to testify against Donziger. Chevron evidently confirmed Chevron that it paid Judge Guerra's family $10,000 per month for living expenses and $2,000 for housing to testify against Donziger.

purported Law Clerk for Judge Miller and on **September 1, 2021** started again working back for Gibson Dunn & Crutcher, LLP. Did Gibson Dunn attorney, Matthew C. Reagan write Judge Miller's decision?

One need only ask themselves, what would a reasonable person confronted with these facts make of these proceedings? Should a lawyer be sanctioned over a quarter of a million dollars **($268,283.85)** for asking judicial permission to file an illustrative exhibit that exposes judicial and legal misconduct that included witness tampering, falsified evidence, and thereafter exposing *Zoom* audio and video recording evidencing *ex parte* communication with a judge, and having opposing counsel's former associate, clerk for a judge presiding over a $18 billion dollars write a decision and days later return back to the law firm that he previously worked for. What would a reasonable person make of judges who have knowledge of this criminal, civil and legal misconduct but remain silent to an oil cartel's indiscretion but commence retaliatory sanctions towards the attorney who has sounded the trumpet for fairness and impartiality.

Is there law? Are there truly impartial courts handling cases? If this Court remains neutral in situations of such obvious injustice, it has effectively become a comrade to rule by law as opposed to rule of law. I respectfully ask that this Court not punish the attorney who exposes injustice, but rather stop the injustice that has infested these proceedings.

### III. CONCLUSION

I have great respect for the service this panel is performing, as well as all judges serving our Article III court. My dissent with prior ruling by this Circuit is predicated on fact and governed by law as well as my ethical obligations as an officer of this Court. Respectfully, the current Order to Show Cause is judicially vague as to the specific rule that were violated, does not comply with due process to the extent that it relies on the Special Master's Order that used district court rules of procedure in an appellate forum and who regretfully departed from both due process and judicial code of conduct governing our U.S Judges.

Most important, if disciplinary proceedings were to move forward either here or before the Washington State Bar, the *Goodyear* constitutional protections would need to apply as this court's invocation of it inherent authority is, as a matter of law, punitive wherein undersigned counsel is afforded the same constitutional protections governing criminal cases which would be I would be entitled to cross examine by accusers, entitled to a jury, the ***Zoom*** audio and video recording (which should have been propounded when the U.S. Supreme Court ordered Chevron to respond) and that any sanctions be subject to a beyond a reasonable doubt standard. As stated above, undersigned counsel seeks a Fed Rule App. P. 46 hearing and leave to amend this response upon the retaining legal representation.

*Respectfully submitted this 17th day of October, 2023.*

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999
*Attorney for Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*Dated this 17th day of October 2023*

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999
*Pro Se Counsel*